O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                                            Not Present

**Proceedings:**     **(In Chambers) Order Granting in Part and Denying in Part Defendant's Motion to Dismiss [Document #8]**

Before this Court is Defendant Wachovia's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.    BACKGROUND

Plaintiffs Josephine Otero ("Otero") and Norma Cosio ("Cosio") (collectively, "Plaintiffs") are both elderly widows, aged 75 years and 76 years, respectively. Prior to August 2007, these women had reverse mortgages in their respective homes. However, in August 2007, Plaintiffs decided to refinance their reverse mortgages into "Pick a Pay" option adjustable rate mortgages ("ARM").

According to Plaintiffs, they decided to refinance their reverse mortgages after meeting with Defendant Sandra M. Simental ("Simental"). Otero first met Simental at a talk that was held at a senior citizen's club. During that talk, which was entitled "Take Advantage of Your Home Equity/Values Are Dropping/Refinance Now!," Simental advised her audience that refinancing was better than having a reverse mortgage. Subsequent to the talk, Otero, concerned about the reverse mortgage she held, contacted Simental and arranged a second meeting, to be held at Otero's home.

Cosio joined Otero at the meeting at Otero's home. There, Simental convinced Plaintiffs to refinance their loans. Additionally, at the end of the meeting, Simental requested that Plaintiffs pay her a fee for arranging the new loans. Otero and Cosio then wrote Simental checks

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

for $14,680.00 and $13,000.00, respectively.

Although unclear from the Complaint, either at this meeting, or subsequent to the meeting, Simental brought Helen Sevillano ("Sevillano"), a loan department manager, to meet with Plaintiffs at Otero's home. Like Simental, Sevillano worked for Defendant GoldenNet, the entity that, according to Plaintiffs, acted as a dual agent for Plaintiffs and the lender Defendant World Savings/Wachovia ("Wachovia") throughout this ordeal. Sevillano explained the refinancing process in further detail with Plaintiffs and obtained some personal information from them. Subsequently, Defendant Juan Midolo ("Midolo"), a licensed real estate salesperson for GoldenNet, completed loan applications for Plaintiffs. While doing so, Midolo allegedly provided false information about Plaintiffs' monthly incomes on the applications.

In the end, Otero entered into a $330,000 refinance loan with Wachovia, while Cosio entered into a refinance loan valued at $325,000 with Wachovia. Allegedly, some months after this transaction was consummated, GoldenNet and Simental provided Otero with only one copy of a Notice of Right to Cancel, which failed to include the correct date of the transaction and the date when the rescission period was to expire. Cosio, by contrast, was allegedly never provided with copies of the Notice to Right of Cancel. She also allegedly was not provided with a copy of the Truth in Lending Act ("TILA") Disclosure Statement.

Plaintiffs allege that as a result of these loans, they have lost monies and their homes have been encumbered by "oppressive" loans. Moreover, they claim that the equity in their homes has been lost and that they have experienced emotional distress as a consequence of the collective defendants' actions.

On September 05, 2008, Plaintiffs filed the instant lawsuit against the collective defendants in state court. In their lawsuit, Plaintiffs assert the following five causes of action: (1) violation of TILA; (2) violation of California Civil Code section 39; (3) financial elder abuse; (4) negligence; and (5) breach of fiduciary duty. On October 17, 2008, the collective defendants removed this case to federal court. Then, on November 25, 2008, Wachovia filed the present Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6).

II.     LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contains

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, even though a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Rather, the complaint must allege sufficient facts to raise a right to relief above the speculative level. *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Importantly, though, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Also, in deciding a 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993), and must construe all reasonable inferences in the light most favorable to the plaintiff. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

III. DISCUSSION

Wachovia presently moves pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6) for an order dismissing the four causes of action asserted against it.[1] In support of its Motion, Wachovia makes the following four alternative arguments. First, it contends that to obtain rescission under state law or TILA, Plaintiffs must tender their indebtedness to Defendant, but Plaintiffs have failed to show any ability to do so. Second, Wachovia argues that Plaintiffs' state law claims for elder abuse and negligence are preempted by the Home Owners Loan Act ("HOLA"), 15 U.S.C. § 1641, and its preemptive implementing regulations imposed by the Office of Thrift Supervision ("OTS") at 12 C.F.R. § 560.2 ("§ 560.2"). Third, Wachovia takes the position that Plaintiffs' negligence claim fails as a matter of law because Wachovia owed no duty to Plaintiffs. Lastly, Wachovia argues that Plaintiffs' elder abuse claim fails the heightened pleading requirements found in Federal Rule of Civil Procedure 9. Each of these arguments is addressed in turn.

  A.  <u>Whether the Court Should Dismiss Plaintiffs' Rescission Claims</u>

---

[1] Plaintiffs only assert the First through Fourth Causes of Action against Wachovia.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

The Court first considers whether it should dismiss Plaintiffs' First Cause of Action, which asserts a claim under TILA, and Plaintiffs' Second Cause of Action, which asserts a claim under California Civil Code section 39. In both of these claims, Plaintiffs seek to rescind the loans they entered into with Defendant, albeit for different reasons.[2]

It is Wachovia's position that the Court should dismiss these claims because Plaintiffs have not alleged or shown any ability to tender the benefit they received under the loan. However, for the reasons that follow, the Court finds that Wachovia's argument is premature.

As Wachovia correctly notes, under both federal and state law, to exercise one's right to rescind a contract, one must be ready, willing, and able to tender the property received under the contract. *See* 12 C.F.R. § 226.23(d)(3); *More v. Calkins*, 85 Cal. 177, 190 (1890) (citing Cal. Civ. Code § 1691). Wachovia does not appear to dispute Plaintiffs' apparent "willing[ness] to tender what benefit the court determines appropriate." *Compl.* ¶¶ 24, 29, & 35. However, what Wachovia does dispute is Plaintiffs' *ability* to tender what benefit the Court determines appropriate. And, at least at first blush, Wachovia's fears appear well-founded. After all, by their own admission Plaintiffs allege that they "do not have sufficient income to pay monthly mortgage payments due on these option ARM loans." *Id.* ¶ 17. Nonetheless, the Court cannot conclude with certainty on the present underdeveloped factual record that Plaintiffs will be unable to tender payment if they ultimately prevail on their claim for rescission. Put otherwise, simply because Plaintiffs presently do not have sufficient funds available to make certain payments does not necessarily mean that at the time of rescission Plaintiffs will be unable to tender. Circumstances may very well change between now and the time of tender. Accordingly, the Court rejects Wachovia's argument on the ground that it is premature. However, Wachovia may renew this argument at a later stage in litigation upon a more developed factual record.

      B.     <u>Whether Plaintiffs' State Law Claims for Elder Abuse and Negligence Are Preempted</u>

---

[2] By way of explanation, Otero seeks to rescind the loan under TILA because Wachovia allegedly provided her with only one copy of a Notice of Right to Cancel, which failed to include the correct date of the transaction and the date when the rescission period was to expire. *See Compl.* ¶¶ 20, 21. By contrast, Cosio seeks to rescind the loan under TILA because Wachovia never gave her any copies of the Notice of Right to Cancel or a copy of the TILA Disclosure Statement. *Id.* at ¶ 26. However, Plaintiffs both seek to rescind the loans under state law on the ground that they "were both persons who were substantially unable to resist fraud and/or undue influence because of advanced age and related impairments." *Id.* at ¶ 32.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

Next the Court considers whether Plaintiffs' state law claims for elder abuse and negligence are preempted by HOLA. According to Wachovia, these state law claims are preempted by § 560.2, a regulation promulgated by the OTS. In pertinent part, § 560.2 reads as follows:

> OTS hereby occupies the *entire* field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section . . . .

12 C.F.R. § 560.2(a) (emphasis added). Recently, in *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit set forth the analysis that district courts should follow in evaluating whether a state law is preempted under the regulation. *Id.* at 1005. First, a court must determine whether the type of law in question is listed in § 560.2(b). *Id.* If so, the analysis ends because the law is preempted. *Id.* However, if the law is not covered by § 560.2(b), the court must ask whether the law affects lending. *Id.* If it does, then, in accordance with § 560.2(a) a presumption arises that the law is preempted. *Id.* This presumption is only reversed if the law can "clearly" be shown to fit within the confines of § 560.2(c). *Id.* For these purposes, § 560.2(c) is to be interpreted "narrowly," and any doubt should be resolved in favor of preemption.[3] *Id.*

Consistent with *Silvas*, the Court first determines if the Elder Abuse and Dependent Civil Protection Act, Cal. Welf. & Inst. Code § 15610.30, and California's negligence law are the types of state law contemplated under 12 C.F.R. § 560.2(b). It is Wachovia's position that Plaintiffs' claims fall within at least three of the illustrative examples provided in § 560.2(b). Specifically, Wachovia contends that the following apply: (1) § 560.2(b)(4), which preempts state laws purporting to impose requirements regarding

> [t]he terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a

---

[3] Plaintiffs do not contest Wachovia's assertion that it is a federal thrift subject to HOLA and the OTS regulations.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

    loan may be called due and payable upon the passage of time or a specified event external to the loan;

(2) § 560.2(b)(5), which preempts state laws purporting to impose requirements regarding "[l]oan-related fees, including without limitation, initial charges, late charges, prepayment penalties, services fees, and overlimit fees"; and, (3) § 560.2(b)(9), which preempts state laws purporting to impose requirements regarding

    [d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants[.]

Plaintiffs, by contrast, argue that even assuming that these laws affect lending practices, they are tort laws and thus fit within the confines of § 560.2(c).[4]

    The Court finds particularly instructive the Ninth Circuit's analysis in *Silvas*. There, the Ninth Circuit was asked to determine whether the plaintiff's unfair competition claim, brought under section 17200 of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, was preempted by § 560.2. On its face, section 17200 of California's Unfair Competition Law makes no explicit mention of loan-related practices.[5] However, the Ninth Circuit concluded that since the plaintiff's claim rested on allegations that the defendant lender made misrepresentations in advertising and disclosure documents relating to the loan, section 17200, *as applied*, fell within two separate sections of § 560.2(b) and, therefore, was preempted. *Id.* at § 1006.

    Like California's Unfair Competition Law, California's Elder Abuse and Dependent Civil Protection Act and negligence law, on their face, do not appear to pertain to the lending practices of federal savings associations. However, when the laws are analyzed in relation to the

---

[4] Although unstated, Plaintiffs' argument rests on a premise that these state law claims do not fall within any of the illustrative examples provided in § 560.2(a), for if they did, the analysis would end there. *Silvas*, 514 F.3d at 1005.

[5] Section 17203 allows a court to enjoin "[a]ny person who engages, or proposes to engage in unfair competition . . . ." Cal. Bus. & Prof. Code § 17203. Section 17200 defines "unfair competition" as, inter alia, "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *Id.* at § 17200.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

particular circumstances of this case, it becomes much more apparent that, as applied, they impose requirements on Wachovia that are already imposed on it by HOLA. Consequently, they are preempted.

At their core, Plaintiffs' claims turn on the alleged fact that Simental and Sevillano convinced Plaintiffs to enter into "complicated, risky and oppressive" loans. *Compl.* ¶ 1. Plaintiffs further allege that Simental and Sevillano failed to provide them with "the terms, risks and consequences of that type of loan" and that Simental charged them fees "for these oppressive refinances." *Id.* at ¶ 38. While Wachovia's role throughout this transaction is not entirely clear, Plaintiffs do broadly state that Wachovia "assisted the other defendants in the taking of plaintiffs' monies and the encumbering of plaintiffs' properties with the unconscionable refinance loans by participating in the broker's conduct." *Id.* These allegations trigger several sections of § 560.2(b). For instance, to the extent the terms of the loan are at issue, including amortization of loans and adjustments to the interest rate, § 560.2(b)(4) applies. And to the extent the fees charged by Simental are at issue, § 560.2(b)(5) applies. Lastly, to the extent that other defendants failed to properly disclose required information, § 560.2(b)(9) applies.

This Court recognizes that HOLA does not totally displace all state law. However, where, as here, a plaintiff alleges conduct that touches upon a defendant's lending practices, operations, and charges, the Court believes that Congress' intent to preempt the state laws can be inferred. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S. Ct. 1146, 91 L. Ed. 1447 (1947).

In short, because the claims, as applied, turn on types of state law listed in § 560.2(b), the preemption analysis ends there. Plaintiffs' elder abuse and negligence claims are preempted.[6]

IV. CONCLUSION

For the foregoing reasons, the Court DENIES Wachovia's Motion insofar as it relates to Plaintiffs' First and Second Causes of Action, but GRANTS Wachovia's Motion insofar as it relates to Plaintiffs' Third and Fourth Causes of Action as they are asserted against Wachovia, with prejudice.

---

[6] Because these claims are preempted, the Court need not determine whether Plaintiffs have sufficiently alleged that Wachovia owed them a duty and whether Plaintiffs have met the heightened pleading requirements found in Rule 9(b).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6853 PSG (PLAx) | Date | January 27, 2009 |
|---|---|---|---|
| Title | Norma L. Cosio v. Sandra M. Simental | | |

**IT IS SO ORDERED.**

AB for WH